367 P.2d 193

William K. HOWARD, Ruth N. Howard, Robert D. Howard and Shirley L. Howard, Plaintiffs and Respondents,

v.

Mildred M. HOWARD, Defendant and Appellant.

Mildred M. HOWARD, Defendant, Third-Party Plaintiff and Appellant,

v.

WALKER BANK & TRUST COMPANY, as Administrator of the Estate of L. W. Howard, Deceased, et al., Third-Party Defendants and Respondents.

No. 9552.

Supreme Court of Utah.

Jan. 3, 1962.

Backman, Backman & Clark, Salt Lake City, for appellant.

Perris S. Jensen, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a decree holding a purported warranty deed a nullity for failure to convey anything. Affirmed, with costs to plaintiffs.

The subjoined Figures 1 and 2, roughly to scale, reflect what Mr. Howard, deceased, owned when he purported to convey some real property to his second wife.

FIG. 1

FIG. 2

The deed was hand drawn. It said "Less roads." No roads are otherwise described or shown to have been conveyed or dedicated. Also, "Less Temple and Woods," was written in the document. This refers to Tract B. He also said "Less Theatre." This refers to Tract A. Then he said "contains 2.75 acres more or less." This adds confusion as shown hereinafter.

Defendant says Howard's intention was to convey the area represented in Figure 1, less Tracts A and B, to the exclusion of Tract "X", the protrusion at the bottom of Figure 1. She relies on Losee v. Jones.[1] There the courses were defined save the last. It was a few feet short, but was complemented by the phrase "to the point of beginning." There it was clear what the grantor intended. But here is little but confusion. A look at figures 1 and 2 will so illustrate. A simple calculation will demonstrate that instead of "2.75 acres more or less," such area would be a little short of five acres, after deducting the "Theatre" and "Temple and Woods" tracts. Significant is the fact that after execution of the disputed deed, Howard executed another one in favor of Mrs. Howard, covering an area near Tract A, but much smaller, which deed seems operative and accepted as an effective conveyance. Furthermore, after Howard failed to close the fifth and sixth courses in the abortive deed, he tangentially described a course reflected in the dotted line on Figure 2, coursing counter-clockwise instead of clockwise and commencing from the real point of beginning to the target which he described as a point *"from* beginning," which makes no sense.

True: The grantor's intention should be given effect if reasonably determinable. However, we consider that under the facts here a grant is not sustainable. Either it is impossible to determine what Howard had in mind or, conjecture indulged, one would have to divine that any number of areas could be said to have been intended. In such case, abstracters and lawyers should be able to turn down a title based on the contentions of such an asserted illusionary intention of a deceased.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

[1]. 120 Utah 385, 235 P.2d 132 (1951).